## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, and the BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE,<br><br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br>Plaintiffs,<br><br> v.<br><br>SIX SIGMA HVAC SERVICES, INC.<br><br>3429 Pomona Blvd, Suite J<br>Pomona, CA 91768<br><br>Agent for Service:<br>Robert Zaragoza<br>3838 S. Morganfield Avenue<br>West Covina, CA 91792<br><br>Defendant. | CIVIL ACTION NO. 1:20-cv-1287<br><br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>** for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

## <u>COMPLAINT</u>

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers'

National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air

Conditioning Industry ("ITI"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"),

and the National Energy Management Institute Committee ("NEMIC" and together with NPF, ITI, and SMOHIT, referred to as "the Funds"), hereby complain as follows:

## Introduction

1.     This is a civil action brought by employee benefit plans/trust funds or joint labor management organizations, and by the Trustees of the Funds, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Document governing the Funds.

## Jurisdiction and Venue

2.     Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3.     Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(c), as the Plaintiff Funds are administered in this district with their principal place of business in Fairfax, Virginia.

4.     Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the

Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

## Parties

5.      Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6.      Plaintiff Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational

benefits to eligible employees. ITI is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Trustees of ITI are duly authorized Trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. The Trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

7.     Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. SMOHIT a jointly labor-management health and safety organization serving the sheet metal industry established under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trust and its trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

8.     Plaintiff Board of Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute Committee. NEMIC is a labor management committee established pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that is funded by contributions under various collective bargaining agreements. The committee and its trustees are jointly and severally referred to as "NEMIC" in this Complaint. NEMIC is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9.      The Trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

10.     At all times relevant to this action, Defendant Six Sigma HVAC Services, Inc. ("Six Sigma"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Defendant has been incorporated in the state of California with a principal place of business at 3429 Pomona Boulevard, Suite J, Pomona, CA 91768.

## Factual Background

11.     At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 105 ("Local 105" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

12.     The Union and the Sheet Metal & Air Conditioning National Association, Los Angeles Chapter (SMACNA-LA), the Sheet Metal & Air Conditioning National Association, Orange Empire ("SMACNA-OE") and the Air Conditioning Sheet Metal Association, Los Angeles ("ACSMA-LA") negotiated the Standard Form of Union Agreement and Addenda ("CBA" or "Agreement") effective for the period of July 1, 2015 through June 30, 2020. On June 30, 2016, Defendant executed an Affirmation Agreement binding Six Sigma to the CBA. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit

5

contributions to NPF, ITI, SMOHIT, and NEMIC for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 105.

13.     Pursuant to the Agreement, Defendant is obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

14.     Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Funds rely on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

15.     Without the information contained in the remittance reports, the Funds cannot determine the entire amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

16.     The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

17.     Article V, Section 3 of the governing Trust Agreement and Section V of NPF's Procedures for the Collection of Contributions both provide that the Funds may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Funds.

18.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant fails to timely submit the contractually required remittance reports and contribution payments, and

the Funds file a lawsuit to recover the unpaid contributions, Apollo is required to pay the following amounts to the Funds:

a.    Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

b.    Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

c.    Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

d.    The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

19.    For the months of February 2015 through September 2020, Six Sigma employed employees within the jurisdiction of Local 105 for whom contributions were owed to the Funds and failed to make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

## Count I
### *Amounts Owed Pursuant to Audit*

20.    Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21.    This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

22.    Defendant is obligated, under the terms of the Agreement, to provide contributions to the Funds on behalf of its covered employees. Defendant has failed and refused to fulfill its

contractual obligations for owed contributions and resulting interest and liquidated damages as demonstrated by a payroll audit conducted on Defendant by the Funds for the period of May 2016 through September 2018. The audit revealed that Defendant owes contributions, interest, and liquidated damages to the Funds. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Funds' governing documents.

23.     The audit revealed that Six Sigma owes contributions in the amount of $7,400.53 for the period of May 2016 through September 2018. In addition to the contribution amounts found due, Six Sigma owes $2,551.99 in interest (calculated through November 15, 2020), $2,551.99 in liquidated damages, and $1,580.00 in audit testing fees. In total, Six Sigma owes $14,084.51 to the Funds for unpaid contributions, interest, liquidated damages, and testing fees.

24.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

25.     Prior to commencing this lawsuit, the Funds sent letters and attempted to directly contact Defendant to obtain the outstanding contributions from Defendant. Despite communications between the Funds and the Defendant, Defendant has not resolved the delinquency.

26.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**Count II**
*Delinquent Contributions*

27.     Plaintiffs reallege and incorporate Paragraphs 1 through 26.

28.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

29.     Defendant is obligated, under the terms of the Agreement, to provide contributions to the Funds on behalf of its covered employees. Defendant has failed and refused to fulfill its contractual obligations for certain months during the period of February 2015 through September 2020 for owed contributions, resulting in interest, liquidated damages, and late fees.

30.     Defendant has failed to submit remittance reports for April through September 2020. The Fund has therefore estimated the amounts due for these months based on the hours reported for March 2020.

31.     Defendant owes contributions for the months of September 2018 and April through September 2020 in the estimated amount of $4,620.26, $172.24 in interest (calculated through November 15, 2020), $924.05 in liquidated damages on unpaid contributions for the period of September 2018 through September 2020. Defendant also late paid contribution for certain months during the period of February 2015 through July 2018 resulting in $299.91 in late fees.

32.     The total estimated delinquent amount owed by Defendant is $6,016.46, plus additional daily interest accruing through the date of payment.

33.     Plaintiffs are entitled to an order requiring Defendant to provide the outstanding remittance reports for the period of April through September 2020. When the reports are provided, if they show that Defendant would have owed more to the Funds than the estimated amounts, then Plaintiffs are entitled to an entry of judgment for any additional amounts due.

34.     Prior to commencing this lawsuit, the Funds sent letters and attempted to directly

9

contact Defendant to obtain the outstanding contributions from Defendant. Despite communications between the Funds and the Defendant, Defendant has not resolved the delinquency. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the Funds, provide the outstanding reports, and pay the delinquent and unpaid contributions, liquidated damages, interest, and late fees due on the delinquent and unpaid contributions.

35.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs request a judgment against Defendant for all amounts and reports due to the Funds as follows:

1.     Declare that Defendant is delinquent in remitting owed contributions to the Funds pursuant to the Agreement;

2.     Award Plaintiffs on behalf of the Funds a judgment for Defendant's delinquent contributions found to be due by the audit for the period of May 2016 through September 2018;

3.     Award Plaintiffs on behalf of the Funds a judgment for Defendant's delinquent or late paid contributions for the period of February 2015 through September 2020;

4.     Enter judgment against Defendant requiring it to provide all outstanding reports;

5.     Enter judgment against Defendant for interest on all delinquent contributions at a rate of 0.0233% per day, compounded daily, from the date due until the date paid or the date of the judgment;

6.      Enter judgment against Defendant for liquidated damages in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions;

7.      Enter judgment against Defendant  for liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

8.      Retain jurisdiction to enter judgment against Defendant for any additional amounts that may become due and owing after the outstanding reports are provided;

9.      Enter judgment for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

10.     Award such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Diana M. Bardes
Diana M. Bardes
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
*Counsel for Plaintiff Funds*

Dated: October 30, 2020

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 30th day of October, 2020, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ADUIT TESTING FEES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

> U.S. Department of Labor
> Attn: Assistant Solicitor for Plan Benefits Security
> 200 Constitution Ave., N.W.
> Washington, DC 20002
>
> U.S. Department of Treasury
> Attn: Secretary of the Treasury
> 1500 Pennsylvania Avenue, NW
> Washington, D.C. 20220

   /s/ Diana M. Bardes   
Diana M. Bardes
